UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUST H. BARDY,<br><br>        Plaintiff,<br><br>v.<br><br>CARDIAC SCIENCE CORP.,<br><br>        Defendant. | CASE NO. C13-0778JLR<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION AND AMENDING PREVIOUS ORDER |

Before the court is Plaintiff Dr. Gust H. Bardy's motion for reconsideration (Mot. (Dkt. # 45)), and Defendant Cardiac Science Corporation's response thereto (Resp. (Dkt. # 48)). Dr. Bardy moves for reconsideration of the court's prior order dismissing his complaint, arguing that the court made a mistake of law in that order. (*See* 10/10/13 Order (Dkt. # 43).) Pursuant to Local Rule LCR 7(h)(1), motions for reconsideration are disfavored, and the court ordinarily will deny such motions unless the moving party shows (a) manifest error in the prior ruling, or (b) new facts or legal authority which

ORDER- 1

could not have been brought to the attention of the court earlier with reasonable diligence. *See* Local Rules W.D. Wash. LCR 7(h)(1).

The court agrees with Dr. Bardy that reconsideration is appropriate here. In the previous order, the court discussed a contract modification theory and used language suggesting that a contract can be modified only by a signed writing if there is a clause in the contract that says as much. (*See* 10/10/13 Order at 9-10.) However, as Dr. Bardy points out, it "[i]t is well settled in Washington that a contract may be modified or abrogated by the parties thereto in any manner they choose, notwithstanding provisions therein prohibiting its modification or abrogation except in a particular manner." *Columbia Park Golf Course, Inc. v. City of Kennewick*, 248 P.3d 1067 (Wash. Ct. App. 2011) (internal quotation marks omitted); *Kelly v. Springfield Tire Co. v. Faulkner*, 71 P.2d 382, 384 (1937). Therefore, and in accordance with this rule of law, the court considers it appropriate to remove the language suggesting the parties' contract can only be modified by a signed writing. The court GRANTS Dr. Bardy's motion for reconsideration.

The court also GRANTS Dr. Bardy leave to amend his complaint to reflect this ruling. It was the court's intent in the first place to allow Dr. Bardy to amend his complaint in this fashion. The language suggesting otherwise was in error, and granting leave to amend corrects that mistake. The relevant portion of the previous order (10/10/13 Order at 9-11) is amended to read as follows:

Dr. Bardy makes one more argument that the court also rejects, although not in its entirety. Dr. Bardy argues that "Collaboration Plans and Budgets" contemplated by the Agreement create enforceable obligations that override the contract's clear terms. (Mot. at 13-14.) Dr. Bardy advances two theories in support of this argument: first that the Collaboration Plans and Budgets amended the Agreement, and second that the Collaboration Plans and Budgets are actually part of the Agreement. (Mot. at 13-14.) It does appear that the agreement contemplated that the parties would create Collaboration Plans and Budgets. (*See* Am. Compl. Ex. A §§ 5.2, 5.6.) However, Dr. Bardy has not alleged either of his two theories with enough specificity to meet his pleading obligations under *Iqbal* and *Twombly*. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. With respect to his first theory, the Agreement allows the parties to modify its terms, but also states that "[n]o modification of this Agreement will be binding on either Party unless in writing and signed by an authorized representative of each Party." (Am. Compl. Ex. A § 13.7.) "It is well settled in Washington that a contract may be modified or abrogated by the parties thereto in any manner they choose, notwithstanding provisions therein prohibiting its modification or abrogation except in a particular manner." *Columbia Park Golf Course, Inc. v. City of Kennewick*, 248 P.3d 1067 (Wash. Ct. App. 2011) (internal quotation marks omitted); *Kelly v. Springfield Tire Co. v. Faulkner*, 71 P.2d 382, 384 (1937). That said, Dr. Bardy has not plausibly alleged that the parties modified the Agreement. The only specific allegation he makes with respect to modification is that he received an email from CSC CEO Neal Long representing that CSC would "get My Sense [sic] into the market." (Am. Compl. ¶ 83.) The court cannot reasonably infer a modification from this statement. Dr. Bardy has also not adequately alleged that the Collaboration Plans and Budgets modify the contract. (*See* Compl.) With respect to the second theory, Dr. Bardy has not alleged anything that he believes is contained in the Collaboration Plans or Budgets. (*See* Compl.)[1] Specifically, he has not alleged that there is anything in them that would override the parties' specific agreement that CSC would have no obligation to commercialize and develop Collaboration Products. Absent such specific allegations, he has not stated a plausible claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557.

---

[1] At oral argument, Dr. Bardy's counsel claimed that this was because Dr. Bardy was not in possession of the Collaboration Plans and Budgets. This may be true, but according to the terms of the Agreement, Dr. Bardy was instrumental in creating the Collaboration Plans and Budgets. (*See* Am. Compl. §§ 5.5-5.6.) Thus, he must have some idea what is contained in them.

ORDER- 3

In light of the above, the court GRANTS CSC's motion to dismiss this claim and DISMISSES Dr. Bardy's breach of contract claims.

However, Dr. Bardy's last argument convinces the court that it should provide limited leave to amend with respect to this claim. Leave to amend is to be freely given when justice so requires. Fed. R. Civ. P. 15(a). When a defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). Here, it is possible that Dr. Bardy's pleading could be cured by the allegation of other facts—namely, a modification the Agreement or an allegation that the Collaboration Plans and Budgets are part of the Agreement. Accordingly, the court grants Dr. Bardy leave to amend within ten days of the date of this order for the limited purpose of making these and similar allegations.

Dated this 31st day of October, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 4